```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

JACKSON NASCIMENTO,
     Petitioner,

          v.                          CR. No. 03-10329-PBS

UNITED STATES OF AMERICA,
     Respondent.


                         MEMORANDUM AND ORDER
                           March 22, 2012

SARIS, D.J.

For the reasons set forth below, Nascimento's request for relief from his conviction and sentence is denied.

                            INTRODUCTION

Jackson Nascimento ("Nascimento"), a federal prisoner incarcerated at the Federal Correctional Institution at Fairton ("FCI-Fairton") in Fairton, New Jersey, has filed his self-prepared motion to vacate his conviction alleging that the indictment failed to state a federal claim leaving the trial court without subject matter jurisdiction.  See Docket No. 1594.

In 2004, a federal grand jury issued a superseding indictment against thirteen defendants, including Nascimento, for participating in gang warfare.  See 2009 Memo & Order, C.R. No. 03-10329-PBS, Docket No. 1529.  Following a jury trial, he was convicted of various racketeering charges.  He was convicted of one charge of using a firearm in furtherance of a crime under 18 U.S.C. § 924(c) and found not guilty of a second charge under § 924(c).  Id.

Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the First Circuit. United States v. Nascimento, 491 F.3d 25 (1st Cir.), cert. denied, 128 S. Ct. 1738 (2008). Although appellants sought to reverse the convictions, the Court of Appeals found no prejudice from any variance between the conduct charged in the indictment and the actual evidence presented at trial. Id. at 35.

In 2008, Nascimento filed a motion to vacate his sentence under 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel, which was denied on October 9, 2009. See 2009 Memo & Order, C.R. No. 03-10329-PBS, Docket No. 1529. He did not challenge the indictment in his post-conviction motion.

Petitioner appealed the court's denial of his § 2255 motion to the United States Court of Appeals for the First Circuit, which affirmed the court's judgment on May 19, 2010. See Nascimento v. United States, No. 09-2416 (1st Cir. 2010).

Nascimento then applied to the United States Court of Appeals for the First Circuit for leave to file a second or successive § 2255 motion, but the application was denied. See Nascimento v. United States, No. 11-1301 (1st Cir. 2011). In his Motion for Permission to File Second/Successive Habeas Petition, Nascimento argued that Section 2255 is an inadequate remedy to test the legality of his detention and that he has a "5th amendment Grand Jury issue in which [he] would like to petition

to the District Court under with 28 U.S.C. § 1651, Rule 60(B) motion, or §2241, under title 28." See Motion for Permission to File Second/Successive Habeas Petition, No. 11-1301 (1st Cir. filed Mar. 21, 2011). In his Motion to Amend/Supplement, Nascimento argued that he was "actually innocent" and that the trial court had no jurisdiction because the indictment was invalid. See Motion to Amend/Supplement Motion for Permission to File Second Habeas Petition. No. 11-1301, (1st Cir. filed Apr. 4, 2011). In denying Nacimento's request, the First Circuit, noted the ground of his challenge is that "the indictment failed to charge the requisite interstate commerce nexus in sufficient detail." See 4/11/11 Judgment, No. 11-1301. Permission was denied for failure to address, let alone satisfy, the criteria under Section 2255(h). Id. The First Circuit noted that Nascimento seeks to fit his petition within Section 2255's savings clause as well as pursuant to Fed. R. Crim P. 12(b)(3)(B).

Nascimento has seven (7) motions now pending before the Court. He alleges that the indictment "failed to establish Federal jurisdiction through the commerce clause, therefore [his] criminal proceedings were invalid during the trial for lack of <u>Subject Matter Jurisdiction</u> thru (sic) Article III of the Constitution." See Docket No. 1594, page 2. He also alleges ineffective assistance of counsel, actual innocence and the

3

ineffectiveness of his Section 2255 remedy.  <u>Id.</u>  He argues that his conviction should be invalidated because the government enlarged the indictment "constructively during trial" when it "introduced numerous pieces of evidence on interstate commerce." <u>See</u> Docket No. 1598, page 4.  As a result, Nascimento claims that he is both factually and actually innocent.  <u>Id.</u>  Additionally, he seeks, among other things, to have this Court appoint counsel, schedule a hearing, enter a finding that the government forfeited any opposition for failing to respond to Nascimento's motions, and enter summary judgment.  Now before the Court are the following motions filed by Nascimento:

(1) "Motion to Vacate Conviction Pursuant to Habeas Petition of Rule 60(B)(6) and title 28 U.S.C. § 2241 and § 1651 (all writs act)," Docket #1594;

(2) "Motion to invoke Rule 12(e) of Fed. R. Crim. Procedures as an amendment/supplement to Motion filed on the 26th of April, 2011," Docket #1595;

(3) "Motion to Invoke Rule 29 (Motion of Acquittal). Motion to invoke Rule 52(b) for violation of Rule 7(c). And motion to alert this court of Rule 48, all of Fed. Rules of Criminal Proc. Also, Rule 34, to arrest judgement," Docket #1598.

(4) "Motion for Appointment of Counsel pursuant to Title 18 § 3006A(2)(B) and Motion for Bail, to be released pending outcome of Habeas Petitioner/Re-opening of prior 2255 Based on 60(b) motion, and cause and prejudice standard." Docket #1601.

(5) "Motion for a Hearing in Connection with Affidavit Filed on August 15, 2011."  Docket # 1603.

(6) "Motion to have issues heard specifically on merits based on Government's forfeiture of response/opposition of claim processing rules."  Docket # 1604.

4

(7) "Motion for 'Summary Judgment' pursuant to Rule 56 of the Civil Procedures. Motion to alert Court of 'time of entry' pursuant to Rule 58 of civil procedures." Docket # 1605.

DISCUSSION

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980)(the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriquez, 411 U.S. 475 (1973).

The authority of a District Court to alter a valid sentence is limited to authority conferred by federal statute. United States v. Zsofska, 121 F.3d 696 (1st Cir. 1997). There is no inherent authority to modify a sentence once imposed. United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Caterino, 29 F. 3d 1390, 1394 (9th Cir. 1994). The limited number of ways to challenge a sentence include motions under 28 U.S.C. § 2255 and habeas petitions under 28 U.S.C. § 2241. For the reasons set forth below, neither of these avenues are available to Nascimento and his motions are subject to dismissal.

I   Section 2255

Section 2255 of Title 28 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress

claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). It is well-settled that § 2255 "was intended to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). A collateral attack on a federal sentence or conviction under § 2255 must be brought in the sentencing court, and a petitioner may not file a second or successive petition under § 2255 without first obtaining permission from the court of appeals. See 28 U.S.C. §§ 2255(a), (e), (h); see also id. § 2244(b)(3). A petitioner may not circumvent these statutory restrictions by filing a habeas petition under § 2241 instead of § 2255. See United States v. Barrett, 178 F.3d 34, 50-52 (1st Cir. 1999); Gonzalez v. United States, 150 F.Supp.2d 236, 241 (D. Mass. 2001).

In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

Given the disposition of Nascimento's first Section 2255

6

petition, the court must determine whether this current request for collateral relief constitutes a "second or successive" petition. "[N]ot every post-conviction motion, nor even every habeas petition, furnishes the foundation for treating a subsequent habeas petition as 'second or successive.' ". <u>Raineri v. United States</u>, 233 F.3d 96, 99-100 (1st Cir. 2000) ("'The phrase 'second or successive petition" is a term of art,' designed to avoid abuse of the writ").

"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence ...; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)(2). <u>See</u> <u>Norton v. United States</u>, 119 F. Supp. 2d 43, 44 n. 1 (D. Mass. 2000) (a petition is "second or successive" when a previous habeas petition has been decided on the merits); <u>cf.</u> <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 12-13 (1st Cir. 2000). Section § 2244(b)(3) provides that before a second or successive petition is filed in the district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the application. <u>Id.</u>; 28 U.S.C. § 2244(b)(3).

To the extent Nascimento seeks relief under § 2255, such request is considered second or successive within the meaning of

7

§ 2255(h). Because Nascimento's original Section 2255 petition was decided on the merits, see Nascimento v. United States, C.A. No. 08-10993-PBS, the instant petition would be "second or successive." See United States v. Barrett, 178 F.3d 34, 45 (1st Cir. 1999). Therefore, the instant Section 2255 motion must be dismissed (or transferred to the First Circuit). See Trenkler, 536 F.3d at 98; Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997). Here, any request under Section 2255 is summarily dismissed.

 II   Actual Innocence Test

Nascimento argues that he is actually innocent because the allegedly faulty indictment failed to provide this Court with subject matter jurisdiction. The fact that Nascimento claims "actual innocence" does not exempt him from the filing restrictions contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). See Pratt v. United States, 129 F.3d 54, 56 (1st Cir. 1997) (AEDPA is codified in scattered sections of Title 28 of the United States Code).

The First Circuit has not adopted an actual innocence exception to Section 2255's one-year limitations period. See David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003) ("In general, defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom

the evidence is overwhelming."). The First Circuit noted that the one-year limit on filing initial habeas petitions is not mitigated by any statutory exception for actual innocence even though Congress clearly knew how to provide such as escape hatch. Id. "In AEDPA Congress adopted a form of actual innocence test as one component of its threshold requirements for allowing a second or successive habeas petition; but it also provided that this second petition is allowed only where the factual predicate for the claim of constitutional error could not have been discovered previously through the exercise of due diligence. See David, 318 F.3d at 347 n. 5 (citing 28 U.S.C. § 2244(b)(2)(B)).

Moreover, the actual innocence exception is concerned with claims of actual innocence, as opposed to legal innocence. See Barreto-Barreto v. United States, 551 F.3d 95, 100-01 (1st Cir. 2008) (petitioners failed to meet the requisite showing of actual innocence to excuse their failure to comply with the AEDPA one-year limitation where their argument - that their conduct did not violate 18 U.S.C. § 1014, as it was written when they were charged - raised "a purely legal argument concerning an issue of statutory interpretation" and did not establish their factual innocence). Here, Nascimento states a legal argument concerning his claim that he is actually innocent. Because he fails to present any new evidence to show "factual innocence," he has failed to present a colorable claim of actual innocence. In any

9

event, he would need to first obtain permission to file a successive motion from the First Circuit and this he failed to do. See 28 U.S.C. § 2255(h).

   III  Section 2241

To the extent Nascimento seeks relief pursuant to 28 U.S.C. § 2241, such relief is unavailable. A petition under § 2241 generally challenges the manner, location, or condition of the execution of a sentence, whereas a petition under § 2255 challenges the validity of the sentence. See Barrett, 178 F.3d at 50 n. 10; Thorton v. Sabol, 620 F.Supp.2d 203, 206 (D. Mass. 2009) (citing Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)); Gonzalez, 150 F.Supp.2d at 240-41. Because the motions clearly challenge the validity of his underlying conviction and sentence, such challenges should be brought as a petition under § 2255, not § 2241.

To the extent Nascimento contends that the "savings clause" in Section 2255 would apply to any of his current motions, it does not. The savings clause provides a remedy when Section 2255 "is inadequate or ineffective to test the legality of detention," permitting a federal prisoner to file a petition under Section 2241. See 28 U.S.C. § 2255(e); Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000); Thorton, 620 F.Supp.2d at 206.

Setting aside the fact that it is unlikely that the savings clause should be invoked, any Section 2241 petition must be

brought in the district of confinement.  Because Nascimento is in federal custody in New Jersey, this Court lacks jurisdiction to consider his claims.  See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442 (2004) (courts are limited by § 2241(a) to granting habeas relief "within their respective jurisdictions," and must have jurisdiction over the custodian; the traditional rule is that the writ is "issuable only in the district of confinement.") (citations omitted).  Therefore, this Court lacks subject matter jurisdiction over any Section 2241 claims.

    IV   <u>The All Writs Act</u>

In addition to resorting to Section 2241 and Section 2255 and it's savings clause, Nascimento also seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651.  Such request must be denied because, as explained earlier, a motion under 28 U.S.C. § 2255 is the appropriate vehicle by which to challenge a federal conviction or sentence.  The restrictions on motions under Section 2255 cannot be avoided by stylizing a request for relief from a conviction or sentence as a Rule 60(b) motion, a petition under the All Writs Act, or a petition under Section 2241.  See <u>Trenkler</u>, 536 F.3d at 97.

In addition to this restriction, Coram Nobis relief is only available if the petitioner is no longer in custody on the challenged sentence.  <u>Trenkler</u>, 536 F.3d at 98 ("... the writ of error coram nobis, in its modern form, is ordinarily available

only to a criminal defendant who is no longer in custody.")[1]; Sawyer, 239 F.3d at 37.[2]

Finally, a writ of coram nobis is not available where other remedies exist, such as a motion under Section 2255 or a petition under Section 2241. Tavares v. Massachusetts, 59 F. Supp. 2d 152, 155 (D. Mass. 1999). It is also not available where other remedies would have existed "but for" the failure to raise the attack in a timely fashion, or where the attack is restricted as second or successive; the limitations provided in 28 U.S.C. § 2255 may not be evaded by the recourse to the general writ of coram nobis. Rivera-Martinez v. Ashcroft, 389 F.3d 207, 209 (1st Cir. 2004); United States v. Barrett, 178 F.3d 34, 54 (1st Cir. 1999) (writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the "second or successive" provisions of § 2255).

    V    <u>Federal Rules of Criminal Procedure</u>

    A.    <u>Rule 35</u>

---

[1] Trenkler indicated that coram nobis proceedings are ancillary to criminal cases, and are appealable as civil matters. Trenkler, 536 F.3d at 94-95.

[2] See United States v. Wheeler, 242 F.3d 385 (9th Cir. 2000)(unpublished decision)(coram nobis relief is available to a petitioner who has fully served his sentence but suffers from lingering collateral consequences as a result of an unlawful conviction)

Turning to the Federal Rules of Criminal Procedure, Rule 35(a) allows the court to "correct a sentence that resulted from arithmetical, technical or other clear error." Rule 35(b) allows the court, upon the government's motion, to reduce a sentence if the defendant "provided substantial assistance in investigating or prosecuting another person." A motion under Rule 35(a) must be brought within fourteen days after sentencing, while a motion under Rule 35(b) must be brought by the government within one year of sentencing. Construed as a request under Rule 35(a), therefore, Nascimento's motion fails because it was filed several years after his sentencing. Moreover, with respect to Rule 35(b), the government did not file a motion within one year of Nascimento's sentencing indicating that he provided substantial assistance.

B. Rule 12(e)

Rule 12(e) of the Federal Rules of Criminal Procedure states that a "party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides.3 In his Motion to Invoke Rule 12(e), see Docket No. 1595, Nascimento argues that his counsel was ineffective because a 12(b) motion was not filed

---

[3]Rule 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or state an offense." Fed. R. Crim. P. 12(b)(3)(B).

13

during trial. Here, Nascimento's criminal case is no longer pending and therefore Rule 12(b)(3)(B) cannot be invoked to challenge jurisdiction. See Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) (citations omitted).

    C.   Rules 29, 34, 48 and 52(b)

In his August 8, 2011 Motion, Nascimento seeks release arguing that Rules 29, 24, 48 and 52 of the Federal Rules of Criminal Procedure provide mechanisms for challenging his incarceration. See Docket No. 198. However, his reliance on these rules is misplaced.

To the extent he seeks a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, such judgment cannot be entered because Nascimento has already been sentenced. Rule 48(a) of the Federal Rules of Criminal Procedure provides that the government may dismiss a complaint with leave of court.4 Here, the government has not sought leave of court to dismiss the indictment.

    VI   Federal Rules of Civil Procedure

    A.   Rule 60(b)

Turning to the Federal Rules of Civil Procedure, Nascimento invokes Rule 60(b). Rule 60(b) allows a court, in a variety of enumerated circumstances, to "relieve a party ... from a final

---

[4]Under Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a).

judgment, order, or proceeding." Rule 60(b)(6), the "catch-all" provision, permits the court to do so for "any other reason that justifies relief."

Nascimento filed his motion(s) in his criminal case. However, criminal cases are governed not by the Federal Rules of Civil Procedure, but rather by the Federal Rules of Criminal Procedure. See Fed. R. Civ. P. 1(a)(1) ("[These rules govern the procedure in all civil actions and proceedings."). As filed, therefore, Rule 60(b) cannot provide the relief Nascimento seeks pursuant to Rule 60(b) and also Rule 56 of the Federal Rules of Civil Procedure.

However, Nascimento is proceeding pro se, and therefore his motion will be construed liberally. See, e.g., United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("pro se habeas petitions normally should be construed liberally in petitioner's favor"); Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) ("courts hold pro se pleadings to less demanding standards than those drafted by lawyers").

The law regarding the use of Rule 60(b) motions in post conviction proceedings is well-established:

> [A] motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." [citation omitted.] If, however, "the factual predicate set forth in support of the motion

15

> attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b)." [citation omitted]

Munoz v. United States, 331 F.3d 151, 152–153 (1st Cir. 2003), quoting Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003).

The instant motion(s) are treated as successive motions for post-conviction relief and Nascimento must "obtain from 'the appropriate court of appeals ... an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255[h] )." Munoz, 331 F.3d at 153 (citing Rainieri v. United States, 233 F.3d 96, 99 (1st Cir. 2000)). There is nothing in the record to indicate that Nascimento has obtained such authorization from the First Circuit pursuant to § 2255(h) and § 2244(b)(3). In fact, his initial application for leave to file a second or successive § 2255 motion was denied by the United States Court of Appeals for the First Circuit. See Nascimento v. United States, No. 11-1301 (1st Cir. 2011). Absent such authorization from the First Circuit, this Court is without jurisdiction to consider the motion.

VI Rule 56

A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Nascimento's Section 2255 motion is

16

denied and his motion for summary judgment is also denied as premature and moot.

To the extent Nascimento seeks a default judgment, such request lacks merit because it is based upon the government's failure to respond to his motions, which were never ordered to be served on the government.

ORDER

Based on the foregoing, it is hereby Ordered that:

1.  Nascimento's Motion (#1594) to Vacate Conviction Pursuant to Habeas Petition of Rule 60(B)(6) and title 28 U.S.C. § 2241 and § 1651 (all writs act)" is <u>DENIED</u>;

2.  Nascimento's Motion (#1595) to invoke Rule 12(e) of Fed. R. Crim. Procedures as an amendment/supplement to Motion filed on the 26th of April, 2011 is <u>DENIED</u>;

3.  Nascimento's Motion (#1598) "to Invoke Rule 29 (Motion of Acquittal). Motion to invoke Rule 52(b) for violation of Rule 7(c). And motion to alert this court of Rule 48, all of Fed. Rules of Criminal Proc. Also, Rule 34, to arrest judgement" is <u>DENIED</u>;

4.  Nascimento's Motion (#1601) "for Appointment of Counsel pursuant to Title 18 § 3006A(2)(B) and Motion for Bail, to be released pending outcome of Habeas Petitioner/Re-opening of prior 2255 Based on 60(b) motion, and cause and prejudice standard" is <u>DENIED</u>;

5.  Nascimento's Motion (#1603) "for a Hearing in Connection with Affidavit Filed on August 15, 2011" is <u>DENIED</u>;

6.  Nascimento's Motion (#1604) "to have issues heard specifically on merits based on Government's forfeiture of response/opposition of claim processing rules" is <u>DENIED</u>; and

7.  Nascimento's Motion (#1605) "for 'Summary Judgment' pursuant to Rule 56 of the Civil Procedures. Motion to alert Court of 'time of entry' pursuant to Rule 58 of

civil procedures" is <u>DENIED</u>.

SO ORDERED.

          /s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE