```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

JACKSON NASCIMENTO,
     Petitioner,

               v.                    CR. No. 03-10329-PBS

UNITED STATES OF AMERICA,
     Respondent.

MEMORANDUM AND ORDER
November 1, 2015

SARIS, D.J.

For the reasons set forth below, Petitioner's pending motions (ECF Nos. 1627, 1636) are denied.

INTRODUCTION

Jackson Nascimento ("Nascimento"), a federal prisoner now in custody at the Federal Correctional Institution at Fort Dix ("FCI-Fort Dix") in Fort Dix, New Jersey, has filed his self-prepared motion to vacate his conviction. See Docket No. 1627. Also pending is Nascimento's motion titled "motion based on newly discovered evidence on Alleyne retroactivity asserted by Solicitor General." See Docket No. 1636.

Following a jury trial, Nascimento was found guilty of racketeering, racketeering conspiracy, conspiracy to murder in aid of racketeering, assault with a dangerous weapon in aid of racketeering, and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 192(c), 1962(d), 1959(a)(5), 1959(a)(3) and 924(c).

On December 15, 2005, Nascimento was sentenced to 181

months' imprisonment.  The conviction and sentence were affirmed by the United States Court of Appeals for the First Circuit.  United States v. Nascimento, 491 F.3d 25 (1st Cir.), cert. denied, 128 S. Ct. 1738 (2008).

In 2008, Nascimento filed a motion to vacate his sentence under 28 U.S.C. § 2255 on the grounds that the government failed to disclose exculpatory material, his counsel was ineffective and the government made prejudicial comments during closing arguments.  Following an evidentiary hearing, the motion was denied on October 9, 2009.  See Docket No. 1529.  Petitioner appealed the denial of his § 2255 motion, and on May 19, 2010, the judgment was affirmed by the United States Court of Appeals for the First Circuit.  See Nascimento v. United States, No. 09-2416 (1st Cir. 2010).

The Court's records indicate that since 2012, Nascimento has filed a number of unsuccessful post-conviction motions.  See Docket.  Now pending are two pro se motions from Nascimento seeking to again challenge his conviction and sentence.  See Docket Nos. 1627, 1636.  The government filed an opposition.  See Docket No. 1629.  The government opposes Nascimento's request for § 2255 relief on the grounds that Alleyne is not retroactive on collateral review and that Nascimento's motion is an unauthorized second or successive motion.  Id.

DISCUSSION

Section 2255 of Title 28 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). To the extent Nascimento seeks retroactive application of the Supreme Court decision in <u>Alleyne v. United States</u>, --- U.S. ----, 133 S. Ct. 2151, 186 L.Ed. 2d 314 (2013), the Court has already denied this claim several times, most recently on May 27, 2015. <u>See</u> Docket No. 1641 ("this appears to be the third petition asserting a claim based on <u>Alleyne v. United States</u>").

To the extent Nascimento seeks to invoke the savings clause[1] of § 2255, such recourse is only allowed "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." <u>Trenkler v. United States</u>, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)). If a petitioner's § 2255 remedy is inadequate or ineffective, then he may resort to filing a petition pursuant to

---

[1] Paragraph "e" of Section 2255, often referred to as the "savings clause," states that a federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus under Section 2241 unless it appears that a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

28 U.S.C. § 2241, the general habeas corpus statute, or 28 U.S.C. § 1651, the All Writs Act.  However, such writs challenging physical confinement may only be issued by a district court in the district where the petitioner is confined.  See Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

Here, Nascimento seeks to invoke the "savings clause" by referencing the position taken by the Solicitor General in the case of Persaud v. United States, --- U.S. ----, 134 S.Ct. 1023, 188 L.Ed.2d 117 (2014).  See Docket No. 1636.  In Persaud, the petitioner filed a § 2255 motion and argued that his two prior felony drug convictions no longer qualified as proper predicate felonies based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  The district court denied the motion as a successive § 2255 motion and rejected Persaud's argument that he should be allowed to proceed under § 2241.  Persaud v. United States, C.A. No. 12509-FDW, C.R. No. 01-cr-36-FDW-7, 2012 WL 5902557, at *2 (W.D.N.C. Nov. 26, 2012).  The Fourth Circuit Court of Appeals affirmed, see United States v. Persaud, 517 F. App'x 137 (4th Cir. 2013), however, the judgment was vacated by the Supreme Court, and the case was remanded to the Court of Appeals "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013."  Persaud v. United States, 134 S.Ct. 1023

4

(2014). The Solicitor General maintained that Persaud should be allowed to pursue a § 2241 petition under § 2255(e), even though he was only challenging his sentence and not the underlying conviction. However, in United States v. Surratt,— F.3d —, 2015 WL 4591677 (4th Cir. July 31, 2015), which presented the same issue as Persaud, the Fourth Circuit held that sentencing errors are not redressable under the savings clause and a petitioner is only eligible for relief under § 2241 if he can present a "genuine claim of actual innocence of the crime of conviction." Id. at * 11.

    Here, Nascimento has failed to show how the remedies that may be obtained through a Section 2255 motion are inadequate or ineffective. He has not alleged that he has sought authorization from the Court of Appeals for the First Circuit to file a second or successive motion under § 2255. See 28 U.S.C. 2244(3)(A). Because Nascimento's original Section 2255 petition was decided on the merits, see Nascimento v. United States, C.A. No. 08-10993-PBS, the instant petition would be "second or successive." See United States v. Barrett, 178 F.3d 34, 45 (1st Cir. 1999).

    For the reasons stated above, as well as the reasons in the government's opposition, Nascimento's pending motions are denied.

## ORDER

    In view of the foregoing, it is hereby ORDERED that:

1. Nascimento's Petition (ECF 1627) "Habeas Writ Under/Pursuant to title 28 section 1651 "all writs act"

       thru savings clause of § 2255 under title 28" is <u>DENIED</u>; and

2. Nascimento's Motion (#1636) based on newly discovered evidence on Alleyne retroactivity asserted by Solicitor General is <u>DENIED</u>.

SO ORDERED.

                                                /s/ Patti B. Saris
                                                PATTI B. SARIS
                                                UNITED STATES DISTRICT JUDGE